IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LEROY RICHARDSON-BEY,           )
                                )
        Plaintiff,             )
                                )
        v.                     )   1:23CV138
                                )
WARDEN M. SHELTON, et al.,      )
                                )
        Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.     The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). The Court also notes other issues with Plaintiff's claims. Plaintiff's primary allegations are that Defendant Sgt. Watson discriminated against him for exercising his religion and that Defendant Warden M. Shelton retaliated against him by transferring him to a different prison when he complained about the

discrimination. However, the basis for any federal constitutional claims against other Defendants is unclear. It appears that Plaintiff seeks to raise claims against some Defendants based on their handling of prison grievances. However, there is no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). Plaintiff is not entitled to a grievance procedure or any particular outcome when using that procedure. Plaintiff also names a number of other persons for reasons that are even less clear, but it appears that he did so based on the fact that they hold supervisory positions in prisons where he has been housed following the allegedly retaliatory transfer. Theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Plaintiff must show that each named Defendant violated his rights through their actions. Finally, Plaintiff may be naming some Defendants because they denied him work release. This alone does not state a claim under § 1983 because there is generally no federal constitutional right to work release or any prison job. O'Bar v. Pinion, 953 F.2d 74, 85 (4th Cir. 1991) (no constitutional right to work release in North Carolina and removal from it, placement in administrative housing, and reclassification did not violate a prisoner's rights). If Plaintiff continues to believe a Defendant violated his rights, he must describe how each named Defendant allegedly violated his rights and set out proper bases for each of those claims.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 27th day of February, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**