IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LEROY RICHARDSON-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-cv-138 |
| | ) | |
| WARDEN M. SHELTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner of the State of North Carolina, filed a Complaint, (Doc. 1), pursuant to 42 U.S.C. § 1983. The Magistrate Judge assigned to the case reviewed the filing and entered an Order and Recommendation which recommended dismissal of the case without prejudice based on the fact that Plaintiff failed to either pay the applicable filing fee or submit an application to proceed in forma pauperis. (Doc. 2.) The Recommendation also noted that many of Plaintiff's claims appeared deficient for various reasons.

When Plaintiff filed no objection to the Recommendation, the undersigned entered an Order, (Doc. 4), and Judgment, (Doc. 5), adopting the Recommendation and dismissing the case. However, after entry of the Order and Judgment, the Court received a letter from Plaintiff stating that he sent the Court $400.00 for the filing fee at about the same time he filed the

Complaint. (See Doc. 6 Exh. 1.) A search confirmed this and a Receipt of Funds, (Doc. 6), for the $400.00 payment now appears on the docket. In light of this change in circumstances, the Court will vacate the prior Order and Judgment pursuant to Fed. R. Civ. P. 60(a) which permits the Court to correct sua sponte, a mistake arising from an oversight or omission.

Although vacating the prior Order and Judgment remedies the oversight regarding the receipt of Plaintiff's funds, it also creates two new issues in the case. The first is that although Plaintiff attempted to pay the filing fee in this matter, the full filing fee is actually $402.00, not $400.00, which means that Plaintiff's payment is insufficient by $2.00. The Court assumes that Plaintiff simply erred in submitting only $400.00 and that he would likely pay the remaining $2.00 if this were the only issue. However, the second issue in the case is that payment of the filing fee would then obligate the Court to review Plaintiff's Complaint under 28 U.S.C. § 1915A and dismiss if it is frivolous, malicious, fails to state a claim for relief, and/or seeks monetary relief form a defendant immune from such relief. As set out in the prior Recommendation and Order, Plaintiff's attempted claims for relief contain significant defects and many appear to fail under the standards of § 1915A. Plaintiff did not remedy the defects noted, object

to the characterization of the problems set out in the Order and Recommendation, or otherwise address them in any way.

Given this situation, the Court will now allow Plaintiff twenty days to decide whether he seeks to proceed. If Plaintiff does not wish to complete payment of the filing fee and address the deficiencies of his Complaint, he can notify the Court of this or simply do nothing during the twenty-day period. If he chooses this course of action, the Court will enter a new Order and Judgment dismissing the matter without prejudice and returning Plaintiff's $400.00 payment.

Alternatively, Plaintiff may pay the remaining $2.00 of the filing fee and address the defects of his claims as he sees fit. At that point, the Court will keep the $402.00 payment and review the Complaint. This may well result in the dismissal of the case for the reasons set out in the Order and Recommendation or for other reasons. If the case is dismissed, the filing fee will not be returned to Plaintiff.

**IT IS THEREFORE ORDERED** that the Order, (Doc. 4), and Judgment, (Doc. 5), entered on March 28, 2023, are **VACATED AND WITHDRAWN**. This case is hereby **REOPENED**.

**IT IS FURTHER ORDERED** that this matter is held in abeyance for twenty (20) days to allow Plaintiff to (1) submit the remaining $2.00 for the filing fee and address the defects in his Complaint with the understanding that the Complaint will be

reviewed for defects and the payment kept by the Court no matter the result of the review, (2) notify the Court that he accepts a dismissal without prejudice and seeks to have the $400.00 payment returned to him, or (3) not respond, in which case the Court will dismiss the matter without prejudice and return the $400.00 payment to Plaintiff.

This the 18th day of April, 2023.

                                /s/ William L. Osteen, Jr.
                                United States District Judge

- 4 -

Case 1:23-cv-00138-WO-LPA   Document 7   Filed 04/18/23   Page 4 of 4